UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

Edward Richard Daisy
Phyllis Fowler Daisy
571 Circle Drive
Myrtle Beach, SC 29575
SSN xxx-xx-1836
SSN xxx-xx-4895

           DEBTORS.

CASE NO:

CHAPTER 13

## NOTICE OF OPPORTUNITY TO OBJECT

The debtor(s) in the above captioned case filed a chapter 13 plan on __6/5/19__. The plan is included with this notice or was mailed separately.

**Your rights may be affected by the plan.** You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Any objection to confirmation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

Date: 6/5/19

Robert R. Meredith, Jr., D.C. ID #6152
Elizabeth R. Heilig, D.C. ID #10704
Meredith Law Firm, LLC
Attorneys for Debtors
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Edward** | **Richard** | **Daisy** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | **Phyllis** | **Fowler** | **Daisy** | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | | **DISTRICT OF SOUTH CAROLINA** | | |
| Case number: | | | | |
| (If known) | | | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
# Chapter 13 Plan                                                                          5/19

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$1,850.00** per **Month** for **48** months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2    Regular payments to the trustee will be made from future income in the following manner:

☐ The debtor will make payments pursuant to a payroll deduction order.
☑ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

Debtor    **Edward Richard Daisy**    Case number
         **Phyllis Fowler Daisy**

**2.3 Income tax refunds.**

☑ The debtor will retain any income tax refunds received during the plan term.
☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☑ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
| **Hilton Grand Vacations** | **Timeshare located in Myrtle Beach, SC** |

☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

☐ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2    Request for valuation of security and modification of undersecured claims.**

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

☐ None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an

| Debtor | Edward Richard Daisy Phyllis Fowler Daisy | Case number |
|---|---|---|

obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Lendmark Financial Services | 2006 Ford Expedition | $6,791.54 | 6.25% | $208.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor |
| The Car Store | 2009 Hyundai Santa Fe | $2,896.81 | 6.25% | $89.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor |

3.4  **Lien avoidance.**

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| 1st Franklin Financial Household Items | $3,151.00 | $0.00 | $500.00 SC Code Section 15-41-30 (A)(3) | $500.00 | $0.00 | $3,151.00 |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
| Regional Finance Household Items | $2,719.00 | $0.00 | $500.00 SC Code Section 15-41-30 (A)(3) | $500.00 | $0.00 | $2,719.00 |

Debtor   **Edward Richard Daisy**                                                          Case number
         **Phyllis Fowler Daisy**

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Republic Finance LLC  Household Items | $5,204.00 | $0.00 | $500.00 SC Code Section 15-41-30 (A)(3) | $500.00 | $0.00 | $5,204.00 |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

**3.5   Surrender of collateral.**

☐ None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
☑ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of Creditor | Collateral |
|---|---|
| Santander Consumer USA, Inc. | 2016 Volkswagen Jetta (The co-signer will continue making regular monthly payments pursuant to the original note.) |

**Part 4:   Treatment of Fees and Priority Claims**

**4.1   General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3   Attorney's fees.**

a.   The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

| Debtor | Edward Richard Daisy | Case number |
|---|---|---|
|  | Phyllis Fowler Daisy |  |

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $**N/A** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $**N/A** or less.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

☐   **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑   **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☐   The debtor estimates payments of less than 100% of claims.
☑   The debtor proposes payment of 100% of claims.
☐   The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

☑   **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.**

☑   **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

☑   **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor as stated below:**

☑   Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall

| Debtor | **Edward Richard Daisy** | Case number |
|---|---|---|
| | **Phyllis Fowler Daisy** | |

remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**

☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

8.1(a) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

8.1(b) Confirmation of this plan may determine the character (secured, unsecured, or priority), amount, and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

8.1(c) DEBTOR CERTIFICATION
In connection with this plan, the debtor hereby states that he/she/they carefully reviewed this plan and understand the following:
(1) The obligations set forth in this plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;
(2) The consequences of any default under this plan including any direct payments to creditors required by the terms of this plan; and
(3) That debtor may not agree to sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the prior authorization of the Bankruptcy Court.

### Part 9: Signatures:

**9.1    Signatures of debtor and debtor attorney**

X _Edward Richard Daisy_     X _Phyllis Fowler Daisy_
Edward Richard Daisy                  Phyllis Fowler Daisy

Executed on  6-5-19              Executed on  6-5-19

X _Robert R. Meredith, Jr._       Date  6-5-19
Robert R. Meredith, Jr., D.C. ID#06152
Elizabeth R. Heilig, D.C. ID#10704
Meredith Law Firm, LLC
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300 (p)
843-445-6304 (f)

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:                                         )
                                               )
Edward Richard Daisy                           )   CASE NO:
Phyllis Fowler Daisy                           )
571 Circle Drive                               )   CHAPTER 13
Myrtle Beach, SC 29575                         )
SSN xxx-xx-1836                                )
SSN xxx-xx-4895                                )
                        DEBTORS.               )
_____)

## CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 6/5/19

Kristi Keen, Paralegal to
Robert R. Meredith, Jr., D.C. I.D. #06152
Elizabeth R. Heilig, D.C. I.D. #10704
Meredith Law Firm, LLC
Attorneys for Debtors
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300

```
Label Matrix for local noticing          (p)1ST FRANKLIN FINANCIAL CORPORATION    ACS Primary Care Physicians SE PC
0420-2                                   PO BOX 880                               PO Box 740022
Case 19-03051-jw                         TOCCOA GA 30577-0880                     Cincinnati OH 45274-0022
District of South Carolina
Charleston
Wed Jun  5 14:55:17 EDT 2019

Caine & Weiner                           Capital One Bank                         Credit Collection Services
Attn: Bankruptcy                         PO Box 30285                             Payment Processing Center
5805 Sepulveda Blvd                      Salt Lake City UT 84130-0285             PO Box 55126
Sherman Oaks CA 91411-2546                                                        Boston MA 02205-5126


Credit Control, LLC                      Edward Richard Daisy                     Phyllis Fowler Daisy
5757 Phantom Drive, Suite 330            571 Circle Drive                         571 Circle Drive
Hazelwood MO 63042-2429                  Myrtle Beach, SC 29575-5116              Myrtle Beach, SC 29575-5116


ERC                                      Fingerhut                                Georgetown Physicians Associates
PO Box 57610                             Attn: Bankruptcy                         1075 North Fraser Street
Jacksonville FL 32241-7610               Po Box 1250                              Georgetown SC 29440-2848
                                         Saint Cloud MN 56395-1250


Grand Strand Regional Hospital           HRRG                                     Harley Davidson Credit
PO Box 402724                            PO Box 8486                              PO Box 22048
Atlanta GA 30384-2724                    Coral Springs FL 33075-8486              Carson City NV 89721-2048


Elizabeth R Heilig                       Hilton Grand Vacations                   Horry County Treasurer
Meredith Law Firm, LLC                   Attn: Loan Services                      PO Box 1828
2411 N. Oak Street                       6355 MetroWest Blvd., Suite 180          Conway SC 29528-1828
Suite 107                                Orlando FL 32835-6203
Myrtle Beach, SC 29577-3165


IC Systems                               Internal Revenue Service                 (p)JEFFERSON CAPITAL SYSTEMS LLC
PO Box 64378                             Centralized Insolvency Operations        PO BOX 7999
Saint Paul MN 55164-0378                 PO Box 7346                              SAINT CLOUD MN 56302-7999
                                         Philadelphia PA 19101-7346


Kohl's                                   Lendmark Financial Services              MUSC Health
PO Box 3043                              1735 North Brown Road                    1 Poston Road Suite 350
Milwaukee WI 53201-3043                  Suite 300                                Charleston SC 29407-3431
                                         Lawrenceville GA 30043-8228


MedTrust Medical Transport, LLC          MiraMed Revenue Group                    NPAS, Inc.
1014 Bankton Circle, Suite 100           PO Box77000                              PO Box 99400
Hanahan SC 29410-2931                    Detroit MI 48277-2000                    Louisville KY 40269-0400


National Credit Adjusters                Newby Sartip Masel & Casper              OneMain Financial
PO Box 3023                              PO Box 808                               Attn: Bankruptcy
Hutchinson KS 67504-3023                 Myrtle Beach SC 29578-0808               601 Nw 2nd Street
                                                                                  Evansville IN 47708-1013
```

```
Plantation Billing Center              (p)PORTFOLIO RECOVERY ASSOCIATES LLC    Premiere Credit of North America, LLC
PO Box 459077                          PO BOX 41067                            PO Box 199014
Fort Lauderdale FL 33345-9077          NORFOLK VA 23541-1067                   Indianapolis IN 46219-9014


RSI                                    Receivable Solutions, Inc.              Regional Finance
1325 Garner Lane, Suite C              PO Box 21808                            605 W Broadway
Columbia SC 29210-8327                 Columbia SC 29221-1808                  Myrtle Beach SC 29577-3814


(p)REPUBLIC FINANCE LLC                Rise                                    Robert McDaniel
282 TOWER RD                           PO Box 101808                           571 Circle Drive
PONCHATOULA LA 70454-8318              Fort Worth TX 76185-1808                Myrtle Beach SC 29575-5116


Santander Consumer USA, Inc.           South Carolina Department of Revenue    Synchrony Bank/Walmart
PO Box 961245                          PO Box 12265                            Attn:  Bankruptcy Dept
Fort Worth TX 76161-0244               Columbia SC 29211-2265                  Po Box 965060
                                                                               Orlando FL 32896-5060


Systems & Services Technologies, Inc.  Target                                  The Car Store
Attn: Bankruptcy                       PO Box 9475                             4625 Dick Pond Road
4315 Pickett Road                      Minneapolis MN 55440-9475               Myrtle Beach SC 29588-6837
Saint Joseph MO 64503-1600


Tidelands Health                       US Trustee's Office                     James M. Wyman
PO Box 421718                          Strom Thurmond Federal Building         PO Box 997
Georgetown SC 29442-4203               1835 Assembly Street                    Mount Pleasant, SC 29465-0997
                                       Suite 953
                                       Columbia, SC 29201-2448


              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


1st Franklin Financial                 Jefferson Capital Systems LLC           Portfolio Recovery Associates, LLC
135 E Tugalo Street                    PO Box 7999                             PO Box 41067
Toccoa GA 30577                        Saint Cloud MN 56302-7999               Norfolk VA 23541-1067


Republic Finance LLC                   End of Label Matrix
282 Tower Road                         Mailable recipients    47
Ponchatoula LA 70454-8318              Bypassed recipients     0
                                       Total                  47
```